Good morning, Your Honors. Good morning, Counsel. Briefly, Your Honors, this deals with an incident that transpired on May 18, 2002 while on Indian land. The events early in the day are not in dispute. That is, Mr. CEPI, along with the other co-defendants, consumed a prodigious amount of alcohol, varying from hard alcohol to beer to wine. They became very intoxicated. Later in the day, the four men came together. Eventually, they picked up a hitchhiker, Ms. Charlotte Brown. The allegations then, and what Mr. CEPI was convicted of, is that the four men stopped the vehicle at one point, sexually assaulted Ms. Brown. After a period of time, drove her to another location within the reservation, and murdered her. The issue raised for this Court's consideration is whether Mr. CEPI should have been given a voluntary intoxication instruction with regard to felony murder based upon kidnapping, felony murder based upon aggravated sexual abuse, and whether aggravated sexual abuse resulting in death should also be provided with the voluntary intoxication defense. If we turn first to the felony murder charges, the number of felonies which support a first degree murder conviction is a very short list. It includes arson, kidnapping, murder, aggravated sexual abuse, burglary, robbery, to name most of them. This very limited list of felonies, by their very nature, provide the malice of forethought which gives the basis for first degree murder. The specific intent element of first degree murder is met when the underlying felonies are intentionally committed. That is the belief of Mr. CEPI. Although under most of the case law, these offenses are considered general intent crimes, we now must look to see when it comes and they're raised in the issue of a felony murder offense, is there a requirement for specific intent to commit those underlying felonies in order to proceed with the felony murder conviction? So we could look at it as, are all felony murders specific intent crimes regardless of the underlying felonies intent requirement, whether it's general or specific? Is there any case that says so? There is not a case that says that all felony murders are specific intent crimes. No federal case. Any other cases? No, Your Honor. Not that I am aware of. So you've got a new theory. It is a theory based upon Lilly and also Bardot. Lilly is the one that says with regard to robbery as the underlying felony, that is a specific intent because originally under common law it was specific intent, although now under Bardot it is a general intent crime. And it's been held that the general intent crime itself, you are not entitled to an intoxication defense. So we have no, under the reading of the felony murder, no required specific intent for a robbery to become felony murder. However, we are entitled to the intoxication defense. Now the jury was also instructed on first degree premeditated murder and was also instructed that to the extent you think he might have been an aider and a better, you must consider his intoxication and you must consider it on premeditated murder and you must consider it on the other offense, but not on the ones you're speaking of. The jury came back and said this guy is guilty of everything. Where is there any harm, is there any reason to think, could we say beyond a that the jury ain't going to say voluntary intoxication didn't affect any of that other stuff, but maybe he didn't really intend to rape, et cetera? Yes, Your Honor, we could. By looking at the chronological history of the events, the drinking history was presented as throughout the day there was a large amount of alcohol drank. Ms. Brown was voluntarily accompanied, the men continued to drink alcohol. It was after or about the time of the alcohol was gone that the rape transpired. After the rape, we have a period of time which was never fleshed out to a full degree because the individuals were in periods of blackout. However, they were all cognizant when they got to the more secluded area of the reservation, at which point Ms. Brown was murdered. The jury reasonably could find that because of the proximity of the consumption of the alcohol to the rape, Mr. Seepi and the kidnapping was intoxicated, not cognizant of his actions and could not form the mental intent. However, after the period of time where Ms. Brown was driven to another location in the reservation, his mental acuity returned, he was able to understand the course and nature of his actions, and therefore they could reasonably find that first degree murder with premeditation, intoxication was not a valid defense. So that chronology of the events is important and the jury could reasonably conclude that he had the sobering up period, including a period of time where his testimony was he passed out in the backseat of the car, regaining consciousness and reasonably the faculties of his mind. And it will make what difference in his sentencing? The, at this point, no. Because he did commit premeditated murder, as we know. Is his life sentence. I also believe the lack of the intoxication defense for the felony murder offenses may have reasonably confused the jury. That is, if it's not intoxication at this point, how can I consider it at this point? Although jurors, we give them a degree of sophistication. It's very hard to explain. You can be drunk for this type of murder, but you can't be drunk for this type of murder in their first. So what should have happened then? What should have happened is. They should have said that intoxication was not a defense to anything or was a defense to everything? It was, I would argue that it should have been ruled that it was a defense to the felony murder, kidnapping, felony murder, aggravated sexual abuse and aggravated sexual abuse resulting in death. Not the underlying aggravated sexual abuse, not the underlying kidnapping. Because it's when we utilize that underlying offense to become felony murder that I believe you have to have a specific intent to commit that underlying offense. And that's what makes it into felony murder. So do you want to save your last two minutes for a vote? Thank you very much. May it please the Court. Good morning. My name is Vincent Kirby. I am from the District of Arizona. I was not trial counsel below. As the Court has already noted in the government. Particularly relevant. Oh, okay. Sometimes people come and say I was not trial counsel below as if that's an excuse for not being familiar with the record. No, I certainly didn't intend that. I just wanted, I don't know, one of those things we were told to do to tell the Court whether you were there. Like where you went to law school. All right. Continue. We would submit, as the Court has already acknowledged, he received seven concurrent life sentences, including for premeditated first degree murder and count seven for conspiracy to commit premeditated first murder, as well as the aggravated sexual abuse and the kidnapping charges. Any relief that the defendant may be seeking at this point would be pyrrhic at best because at most he would gain a retrial on several counts but still be facing life sentences at the end of the day. So from that perspective, we agree with the Court's assessment. Furthermore. Which assessment? Which Court? This Court's assessment that he was already convicted of first degree premeditated murder and is serving a life sentence, so that these particular counts will not impact that sentence. Unless there are any further questions, the Government has briefed the issue and would submit its analysis on that brief. And unless there are any further questions, I'll have a seat. Thank you, counsel. Your Honor, I do not see this as a harmless error, because the nature of these offenses are intertwined inextricably. The impact of the jury instructions on one count has the impact on the others, as well as potential sentencing with regard to the kidnapping and aggravated sexual abuse, which my client received life sentences for. So when we look at this, I ask the Court to consider that some of the case law provided even by the appellee supports the idea that there must be an intent to commit the underlying offense to support felony murder. That is not just the intent or the general intent in the crime, but arguably the intent. And I believe those are the Jim case cited by the Respondent, as well as the Tham case cited by the appellee. So the real crux, and I ask the Court to look at this issue, is does the nature of felony murder and the punishment that potentially accompanies as much as death, is that a crime that circumstantially requires a specific intent to commit it, and thereby the specific intent should the defendant have the intoxication defense available? And I believe the answer is yes. There is not case law that clearly defines this. However, Lilly does give some guidance with regard to the robbery, although it is specific to robbery. When we did look at Bardot, that is one where they said there is – it is a general intent crime robbery. However, again, we go back to Lilly, and that dichotomy, I think, warrants with regard to the other enumerated felonies in felony murder, which is a short list, that in order to be found guilty of first-degree murder in association with them, there must be a specific intent to commit those crimes. Thank you, Judge. Thank you. The case just argued will be submitted.
judges: Reinhardt, Noonan, Fernandez